SUMMARY ORDER

Petitioner Qi Zhu, a native and citizen of the People’s Republic of China, seeks review of an October 27, 2008 order of the BIA affirming the November 17, 2006 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying Zhu’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Qi Zhu, No. A76 999 975 (B.I.A. Oct. 27, 2008), aff'g No. A76 999 975 (Immig. Ct. N.Y. City Nov. 17, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Where ... the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we ... review both the BIA’s and IJ’s opinions-or more precisely, ... the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.Sd 391, 394 (2d Cir.2005). “[W]e review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard.... ” Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008); see also 8 U.S.C. § 1252(b)(4)(B).
We conclude that substantial evidence supports the IJ’s determination that Zhu was not credible. As the IJ found, while Zhu testified that his parents told him that “strangers” came looking for him while he was still in China, and that he suspected that they were police, his asylum application statement and his airport interview statement omitted this assertion. Zhu was unable to' offer a compelling explanation for his omissions. See, e.g., Majidi v. Gon *13 zales, 430 F.3d 77, 80-81 (2d Cir.2005) (indicating that the agency need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).
As the IJ found, Zhu’s omission goes to the heart of his claimed fear of persecution for practicing Falun Gong. See Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003). That the Chinese authorities actually searched for him at his home, if true, would indicate their knowledge that Zhu practiced Falun Gong and thus would provide strong support for his claimed fear of persecution. The IJ thus properly relied on his failure to raise this assertion at his airport interview and in his asylum application to support his adverse credibility determination.
Zhu also argues that his credible fear interview statement was not a reliable basis for the IJ’s adverse credibility determination under Ramsameachire v. Ashcroft, 357 F.3d 169, 179-80 (2d Cir.2004), as it does not contain a summary of Zhu’s testimony. Even assuming, without deciding, that the credible fear interview statement is unreliable, remand would still be futile in this case because we can confidently predict that the agency would reach the same result even absent the IJ’s reliance on Zhu’s credible fear interview statement. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338-39 (2d Cir.2006).
Because the record does not compel a finding contrary to the agency’s conclusion that Zhu was not credible, Zhu cannot prevail on his asylum claim. See 8 U.S.C. § 1252(b)(4)(B). Moreover, because the only evidence of a threat to Zhu’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, where all of Zhu’s claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.